8479

STATE v. BROWN.

1. CHARGE—MURDER.—To instruct a jury if you find the defendant guilty and nothing more he would hang, which means that if he is convicted of murder without recommendation, he would suffer death, is not reversible error, although the penalty was then death by electrocution. Besides, defendant was convicted of manslaughter, and this instruction could not have affected the result.

2. NEW TRIAL.—Refusal of new trial is not an abuse of discretion in this case. If the conclusion is right, but the Judge assigns wrong reasons for reaching it, this Court will not interfere.

Before WILSON, J., Clarendon, June, 1912. Affirmed.

Indictment against Robert Brown. Defendant appeals.

*Mr. J. H. Lesesne,* for appellant.

*Solicitor P. H. Stoll,* contra.

March 21, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. The appellant was tried on an indictment for the murder of one Edinboro Lawyer, in Clarendon county, before his Honor, Judge Wilson, and a jury, and convicted of manslaughter on June 6, 1912. After verdict, a motion for a new trial was made and refused. The appellant appeals, and asks for a reversal on four exceptions, which are as follows:

First. "Because the presiding Judge erred, it is respectfully submitted, in charging the jury as follows: 'The State must convince the jury of a party's guilt before the jury can say a party is guilty. If the State has proven the guilt of this defendant beyond that doubt, your verdict will be guilty of murder, and if nothing else, he would hang.' Whereas, as a matter of law there is now no penalty of death by hanging in this State, nor was there at the time of the trial or at the time the alleged crime was committed on the 21st day of May, 1912."

This exception is overruled. The Judge clearly intended to convey to the jury the idea that the penalty for murder, without a recommendation to mercy, was death, and while he, by a slip of the tongue, said by hanging instead of being electrocuted, that is not a reversible error, but apart from this the defendant was only convicted of manslaughter, and his Honor told the jury correctly what the punishment for manslaughter was.

The second exception alleges error on the part of his Honor in charging the jury in defining what the law was. An examination of his charge, as a whole, will show it was free from error in charging the law of murder, manslaughter, self-defense and excusable homicide and this exception is, therefore, overruled.

The third and fourth exceptions complain of error on the part of his Honor in not setting the verdict aside and granting a new trial, and challenges his rulings by basing his

rulings on the case of *State* v. *Babb,* 88 S. C. 395, 70 S. E. 309. The motion for a new trial was addressed to the discretion of the Judge. He refused it in the exercise of that discretion and we see no erroneous exercise of it. If his conclusions were right and his reasoning wrong, we have no occasion to interfere. There was testimony to support the verdict and his Honor had all of the facts before him fresh in his mind and he refused the motion for a new trial.

After a full investigation of the errors complained of, we overrule all of them.

Judgment affirmed.